**Klaus WESTPHAL, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Respondent.**

No. 93–1421.

United States Court of Appeals, District of Columbia Circuit.

March 22, 1994.

Joel Pfeffer, Pittsburgh, PA, was on the opposition to the motion to dismiss, for petitioner.

Douglas N. Letter and Michael S. Raab, Washington, DC, were on the motion to dismiss, for respondent.

Before: EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

On December 22, 1988, the United States Department of Commerce ("the Department") charged Klaus Westphal with multiple violations of the Export Administration Act of 1979, 50 U.S.C. §§ 2401-2420 (1988) ("EAA"). Notice was given to Westphal, a resident of Germany, but he failed to answer the charges or request a hearing. On April 27, 1989, an Administrative Law Judge ("ALJ") entered a default judgment against Westphal, and recommended that his export privileges be denied for ten years. The Acting Under Secretary of Commerce for Export Administration ("Under Secretary") affirmed.

Several years later, Westphal petitioned to set aside the default judgment. The ALJ denied the petition, concluding that Westphal had not demonstrated "good cause" for reopening the proceedings. The Under Secretary affirmed. Westphal petitioned this court for review and the Department moved to dismiss for lack of jurisdiction. The motion was held in abeyance pending disposition of a case raising related issues, *Moller–Butcher v. United States Dep't of Commerce*, 12 F.3d 249 (D.C.Cir.1994), which was then under consideration by the court.

Following issuance of the decision in *Moller–Butcher*, the Department renewed its motion to dismiss. We now grant that motion. *Moller–Butcher* makes it clear that section 2412(c)(3) of the EAA limits the court's jurisdiction "to questions concerning the *liability* which occasioned the sanction at issue." *Id.* at 252 (emphasis added). Because the question whether Westphal had

"good cause" to reopen the administrative record is not a question concerning liability within the meaning of the statute, this court is without jurisdiction to review the order of the Under Secretary.

## I. BACKGROUND

In 1988, the Department's Bureau of Export Administration charged that Westphal had violated the Export Administration Regulations, 15 C.F.R. Parts 768–799 (1988), when, on four separate occasions in 1983 and 1984, he reexported sensitive United States equipment from the Federal Republic of Germany to Czechoslovakia, Bulgaria and Switzerland. The Department subsequently dropped three of the charges, leaving only the allegation that, on December 23, 1983, Westphal, in his capacity as managing director of Veeco GmbH, reexported a "Microetch Machine" to Czechoslovakia without obtaining from the Department the required written authorization. *See* 15 C.F.R. § 774.1 (1988). Westphal was given proper notice of this allegation, but he failed to respond to the charges against him. The matter was considered by an ALJ, who entered a default judgment with an order recommending that Westphal's export privileges be denied for ten years. *See In re Klaus Westphal,* 54 Fed.Reg. 23,241, 23,241 (1989). On May 24, 1989, the judgment and recommendation were adopted by the Under Secretary. *Id.*

Nearly four years later, on April 1, 1993, Westphal filed a petition with the Department to set aside the default judgment. *See* 15 C.F.R. § 788.8(b) (1993) (allowing ALJ, upon petition filed by party against whom default order has been issued and "for good cause shown," to vacate the default order and resume proceedings). In an effort to demonstrate "good cause" for his previous failure to answer the charges against him, Westphal argued that, due to his deficiencies in the English language, he did not fully understand the charges against him; he also claimed that he had been improperly advised by counsel that he need not respond to the charges. *See* Petition to Set Aside Default, attached as Exhibit B to Opposition to Motion to Dismiss. On the merits of the case,

Westphal belatedly denied any liability. *Id.* Finding no "good cause" to vacate the 1989 default order, the ALJ denied Westphal's petition. *In re Klaus Westphal,* 58 Fed.Reg. 34,240, 34,241 (1993). The Under Secretary affirmed on June 18, 1993. *Id.* at 34,240.

Westphal petitioned this court for judicial review and the Department moved to dismiss. The case was held in abeyance pending disposition of *Moller–Butcher.* The Department now renews its motion to dismiss, arguing that the court lacks jurisdiction to hear this case. In light of the court's decision in *Moller–Butcher,* the Department's position is meritorious. Accordingly, we grant the motion to dismiss.

## II. DISCUSSION

Under the EAA, when the Secretary acts to "affirm, modify, or vacate" an ALJ's decision, *see* 50 U.S.C.App. § 2412(c)(1) (1988), judicial review of the Secretary's decision is available only with respect to *issues necessary to determine liability:*

> The order of the Secretary under paragraph [2412(c)(1) ] shall be final, except that the charged party may, within 15 days after the order is issued, appeal the order in the United States Court of Appeals for the District of Columbia Circuit, which shall have jurisdiction of the appeal.... *The court may review only those issues necessary to determine liability for the civil penalty or other sanction involved.*

50 U.S.C.App. § 2412(c)(3) (1988) (emphasis added). As noted in *Moller–Butcher,*

> the plain language of section 2412(c)(3) confers and defines our jurisdiction, clearly limiting it to questions concerning the liability which occasioned the sanction at issue, not the sanction itself.

12 F.3d at 252.

It is true that, in the instant case, the petitioner has sought to reopen the administrative proceedings in order to challenge his liability. But the judgment of the Under Secretary before the court does not go to the question of "liability," for the Under Secretary never reached this issue. Rather, the Under Secretary held that Westphal had failed to demonstrate "good cause" to vacate the default order. This is not a judgment concerning liability, as contemplated by *Moller–Butcher,* but, rather, one focusing on the presence or absence of exceptional circumstances justifying Westphal's failure to answer the charges filed against him in 1988.

Westphal was found liable in 1989, long *before* he filed his petition to reopen the administrative record. In the action now before us, the Under Secretary simply refused to *reconsider* that original judgment. There is nothing for this court to review. Indeed, the judgment on liability could only have been challenged on review in this court within 15 days after the 1989 order was issued, and that deadline passed over four years ago. In short, judicial review is barred pursuant to the clear command of 50 U.S.C.App. § 2412(c)(3).

This is not a case in which an ALJ, upon reopening proceedings pursuant to some proper agency regulation, determines that a petitioner should not have been found liable for violating the EAA, and then the Under Secretary vacates the revised decision of the ALJ and reinstates the original sanction. We express no view regarding the jurisdiction of the court to review the Under Secretary's order in such a case. Nor do we address the merits of the Department's argument that only orders imposing "a civil penalty or other civil sanction" under 50 U.S.C.App. § 2412(c)(1) are subject to judicial review under 50 U.S.C.App. § 2412(c)(3). The simple point here is that, under *Moller–Butcher,* because Westphal's petition is devoid of any issue necessary to determine liability, the case must be dismissed for lack of jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the motion to dismiss is

*Granted.*